[Civ. No. 1082. Fourth Appellate District.—September 20, 1934.]

JOSEPH GALLUCCI, Appellant, v. SAN DIEGO ELEC-
TRIC RAILWAY COMPANY (a Corporation), Re-
spondent.

W. J. Collard for Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark and V. F.
Bennett for Respondent.

MARKS, J.—Plaintiff is the father of George Gallucci,
who was killed in a street car accident on Orange Avenue
in the city of Coronado. George was six years and seven

months old at the time of his death. The case was tried before the court without a jury and findings were made absolving the defendant from negligence. This appeal is taken from the judgment and is presented on the judgment roll.

The trial court found the following facts: That Orange Avenue was a main traveled thoroughfare of the city of Coronado; that defendant maintained a single electric railway track in its center over which it operated its electric cars; that on each side of the rails, parallel to and about fifteen feet distant from them, the city of Coronado had constructed and maintained cement curbs and had planted and maintained shrubbery, bushes and flowers between the curbs and the tracks; that at the time and place of the accident the shrubbery and bushes on the west side of the tracks grew to a height of about four feet eight inches ''and from that point easterly toward said track said bushes and shrubbery grew thickly and continuously and sloped down to within about two feet of the west rail of said track''; that on the third day of September, 1931, at about the hour of 6 o'clock in the afternoon, defendant was operating one of its street cars in a southerly direction along and upon its track at an ordinary and reasonable rate of speed toward the place of the accident; that George Gallucci ran at a rapid pace in an easterly direction, between street intersections, toward the tracks, through the shrubbery and into the right front portion of the street car; that he was killed; that the shrubbery obstructed the view and prevented the motorman from seeing George until he was close to the tracks; that the motorman saw George when the street car was close to the point where George would cross the tracks; that the motorman immediately sounded the bell and applied the emergency brakes in an attempt to stop; that George did not stop, but continued to run towards the street car track; that it was impossible to stop the street car in such a short distance; that the motorman operating the street car, and defendant, were not negligent in any respect and that the car was not operated carelessly, negligently or recklessly before or at the time and place of the accident.

The findings thoroughly negative negligence on the part of the motorman and the defendant, and, in the absence of the evidence taken in the trial court, are final and conclusive in this court.

■ Appellant urges that the real cause of the accident was the height and density of the bushes and shrubbery through which George passed and which concealed him from the view of the motorman. He argues that this created a condition of danger which should have been apparent to the defendant. It should be sufficient answer to this argument to state that the shrubbery, bushes and flowers were planted, maintained and owned by the city of Coronado and not the defendant.

■ The answer alleged contributory negligence on the part of George, his mother and plaintiff. The trial court failed to find on these defenses. In his reply brief appellant urges this as a ground for reversal of the judgment. A finding absolving each of the three from contributory negligence could have no effect on the judgment, for without negligence on the part of the defendant a judgment against it could not be supported simply because the child and his parents were not guilty of contributory negligence.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.